**\*\*REDACTED\*\***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESx                    Date: October 24, 2018

Title: mSIGNIA, Inc. v. InAuth, Inc.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING Motion for Protective Order (Dkt. 79)

I.   INTRODUCTION.

   A.   **Background.**

In July 2017, Plaintiff mSIGNIA, Inc. ("Plaintiff") filed this action against Defendant InAuth, Inc. ("Defendant") alleging patent infringement. Per the Complaint, both Plaintiff and Defendant sell computer security products. (Dkt. 1 ¶¶ 3-4.) Plaintiff alleges that Defendant's products based on technology called the "InAuth Security Platform" infringe one or more claims of a patent owned by Plaintiff, the '852 patent issued on January 31, 2017. (Id. ¶ 4; Dkt. 61-1 at 6.)

On September 26, 2018, Plaintiff sent Defendant an email stating, "After due consideration, mSIGNIA has elected to move forward to trial on its infringement claims relative to the [InBrowser] V3 functionality only." (Dkt. 71-5.)

Non-parties American Express Company ("AmEx") and Accertify, Inc. ("Accertify") are the corporate parent to Defendant and a sister corporation to Defendant, respectively. (Dkt. 79-1 at 3.) AmEx acquired Defendant in December 2016. (Id. at 9.) Collectively, AmEx and Accertify will be referred to as the "Moving Parties."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESx　　　　　　　　　　　　　　　　Date: October 24, 2018
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

**B.　　The Subpoenas and Instant Motion.**

In March 2018, Plaintiff served document subpoenas on the Moving Parties; they produced responsive documents in May 2018. (Dkt. 79-1 at 10.)

On July 20, 2018, Plaintiff served deposition subpoenas on AmEx and Accertify pursuant to Federal Rule of Civil Procedure 30(b)(6). (Dkt. 79-1 at 10.)[1] The parties met and conferred about alleged deficiencies (e.g., failing to specify an appropriate place for compliance and allow reasonable time), causing Plaintiff to serve new deposition subpoenas on September 4, 2018. (Id.)

The new deposition subpoenas on AmEx and Accertify listed 13 topics for deposition testimony. (See Dkt. 79-2 at 12-30 [subpoena to AmEx] and Dkt. 79-2 at 32-50 [identical subpoena to Accertify].) They sought depositions on September 25, 2018. (Id. at 12, 32.)

The Moving Parties seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding Plaintiff from asking about 4 topics in the September subpoenas: nos. 6-8, 10, and 12. (Dkt. 79-1.) The Moving Parties contend that these topics as drafted are overly broad, unduly burdensome, and facially directed to privileged post-acquisition communications.

The Moving Parties seek "some amount of their fees and costs" incurred to bring the motion. (Id. at 31.) Plaintiff suggests cost-shifting to the Moving Parties as "encouragement to comply with their discovery obligations." (Id. at 32.)

**II.　　DISCUSSION.**

**A.　　Waiver and Timeliness.**

Plaintiff argues that Moving Parties waived their objections to the disputed topics because they were untimely and/or the objections did not mention the topics by number. (Dkt. 79-1 at 6-7 and 20-21.) The following timeline describes the parties' efforts to object and negotiate:

- The Moving Parties objected to the July subpoenas on August 1, 2018. The August 1, 2018 objections were in the form of a letter listing objections to the subpoenas in their entirety. (Dkt. 79-3 at 5-6.) They do not reference any proposed topics for testimony by number.

---

[1] The Joint Stipulation states that the July subpoenas sought testimony on 12 topics and are attached to the Robson Declaration as Exhibits 2 and 3. (Dkt. 79-1 at 10.) Those exhibits, however, are the September subpoenas listing 13 topics. (Dkt. 79-2 at 11-12, 31-32.) The Court does not see the July subpoenas among the parties' exhibits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESx　　　　　　　　　　　　　　　　　　Date: October 24, 2018
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

- On August 27, the Moving Parties sent an email with specific objections to topics 6-8, 10, and 12. (Dkt. 79-2 at 55.)

- On September 4, Plaintiff served new subpoenas. In an email the same day, Plaintiff advised Amex/Accertify that if they wished to avoid providing testimony on topics 6-8, 10, and 12, they would need to move to quash the subpoena. (Dkt. 79-3 at 16.)

- On September 11, counsel for the Moving Parties agreed to accept service of the subpoenas subject to their previous objections. (Dkt. 79-3 at 15-16.) They also offered to continue to meet and confer on the disputed topics. (Id. at 16.)

- On September 19, counsel for the Moving Parties sent an email identifying who would testify concerning the undisputed topics. (Id. at 14.) They also wrote, "we trust we are in agreement [that the depositions will not include topics 6-8, 10, and 12] given we did not hear back on our offer to meet and confer …." (Id.)

- On the same day, Plaintiff emailed back that it was not in agreement with the narrowed scope of depositions. Plaintiff again declined to further meet and confer and invited the moving parties to move to quash. (Id. at 12.)

- On September 20, counsel for the Moving Parties emailed that due to the lack of agreement over the scope of the depositions, no witnesses would appear on the noticed date. (Id.)

- The parties exchanged additional emails and calls discussing the disputed topics, but failed to reach an agreement, resulting in the instant motion. (Id. at 8-11.)

Plaintiff contends that the objection procedure under Rule 45(d)(2)(B) does not apply to deposition subpoenas, meaning the Moving Parties' written objections did not preserve their arguments. Plaintiff argues the Moving Parties were required to move to quash the subpoenas under Rule 45(d)(3) prior to September 25, the subpoenas' return date, in order to avoid waiver and did not do so. (See Dkt. 79-1 at 21-22 ["Instead of objections, Rule 45 requires a 'timely motion' in order to quash or modify a subpoena."].)

Plaintiff appears to be correct that the objection procedure set forth in Rule 45(d)(2)(B) applies only to subpoenas duces tecum. Because the plain language of subsection (d)(2)(B) refers to "a person commanded to produce documents or tangible things or to permit inspection," courts have held that the motion to quash procedure set forth in subsection (d)(3), which does not contain "any limitation to a particular type of subpoena," provides "the appropriate mode of relief for a nonparty served with a subpoena to testify at a deposition." BNSF Ry. Co. v. Alere, Inc., No. 18-291, 2018 WL 2267144, at *7 (S.D. Cal. May 17, 2018) ("[T]he only way for a nonparty to seek excusal from a subpoena deposition is to file a motion seeking to quash or modify the

Case 8:17-cv-01289-AG-KES   Document 89   Filed 10/24/18   Page 4 of 7   Page ID #:3103

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESx                                               Date: October 24, 2018
                                                                                                    Page 4

subpoena."); see also Rembrandt Diagnostics, LP v. Innovacon, Inc., No. 16-0698, 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018) ("the proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order") (citation and quotation marks omitted); Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2463 (3d ed.) ("This fourteen-day objection period only applies to subpoenas demanding the production of documents, tangible things, electronically stored information, or the inspection of premises; the time period is not meant to apply to subpoenas ad testificandum.").

Nevertheless, even assuming the present motion was untimely,[2] courts have declined to find waiver where "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." McCoy v. Southwest Airlines, 211 F.R.D. 381, 385 (C.D. Cal. 2002); see also BNSF Ry., 2018 WL 2267144, at *8-9 (applying this analysis to a deposition subpoena). The facts summarized above demonstrate that each of these factors was satisfied in this case. Furthermore, in light of Local Rule 37-1's requirement that a movant meet and confer with opposing counsel prior to filing a discovery motion, it was reasonable for the Moving Parties to notify Plaintiff's counsel of their objections to the deposition subpoenas before filing the present motion. See Rembrandt Diagnostics, 2018 WL 692259, at *3 ("This is not to say that written objections serve no purpose. Written objections to the time, date, place, or topics identified in a 30(b)(6) deposition notice are useful to identify the points of disagreement and facilitate the meet and confer required in advance … a motion to compel or motion for protective order.").

The Court finds that the Moving Parties' objections to the deposition subpoenas have not been waived, and the Court will consider the merits of those objections.

      **B.**      **Protective Order Arguments.**

           **1.**      **Legal Standards.**

Under Rules 30(a)(1) and 45(a), parties to a lawsuit may subpoena nonparties to attend the deposition. Where a deposition subpoena is directed to an organization, the subpoena must describe "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6).

---

[2] According to the Moving Parties, "the parties agreed – during the September 24 meet and confer – that Movants would initiate a motion by September 28" and "expressly agreed to work together to achieve an expeditious resolution of the substance of their dispute in a procedurally streamlined way …." (Dkt. 79-1 at 13 n.5.) Plaintiff does not respond to this contention, and it is not apparent from the parties' emails what precisely was agreed to at the September 24 telephonic meet and confer. (See Dkt. 79-3 at 8-11.) The Court need not resolve this factual issue in light of its finding as to waiver.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESxDate: October 24, 2018
Page 5

The relevance standard for civil discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). A subpoenaed party may move for a protective order to avoid discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1).

**2.    Topics Nos. 6, 7, and 8.**

Topic Nos. 6-8 seek information relating to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ (Dkt. 82-1 at 7.) The discovery about ▇▇▇▇▇▇▇▇▇ expressly "include[s] but [is] not limited to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the patent-in-suit in this action…." (Id.)

Defendant produced the acquisition agreement with AmEx along with materials related to AmEx's pre-acquisition due diligence. (Dkt. 82-1 at 10.) ▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

The Moving Parties argue that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are irrelevant and overly broad as deposition topics. (Dkt. 82-1 at 16.) Because ▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, the topic, as drafted, would permit Plaintiff to ask witnesses from the Moving Parties about ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇.

Plaintiff argues that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ are relevant because such information would "inform [Defendant's] bargaining position in the hypothetical negotiation." (Dkt. 82-1 at 25.) Plaintiff states this argument without further explaining it. The import appears to be that when Defendant was approaching the hypothetical negotiation in January 2017, it knew ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ such as V3. Defendant, therefore, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ If, however, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESx                                    Date: October 24, 2018
                                                                              Page 6

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ then Defendant would have had a stronger incentive to avoid infringement.

First, Plaintiff's papers quote from extensive deposition testimony from Defendant's president about ▌▌▌▌▌▌▌. (Dkt. 82-1 at 24-25.) It is unclear why all the arguably relevant information could not be obtained from Defendant, rather than non-parties. If the Court has correctly understood Plaintiff's under-developed relevancy argument, then it appears Plaintiff already has the facts needed to present that argument.

Second, Plaintiff disavows any "interest in the details of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌." (Dkt. 82-1 at 26.) Topic No. 8, however, (1) has "included but not limited" language ▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌, (2) was re-served with that language even after the Moving Parties objected, and (3) was never narrowed by Plaintiff's agreement during pre-filing discussions. Instead, Plaintiff insisted on deposing the Moving Parties' witnesses on the topics as written, absent Moving Parties making the present motion.

Under these circumstances, the topics are overly broad, because they encompass irrelevant matters.

### 3.     Topic No. 10.

Deposition Topic No. 10 request testimony about: "Your plans for future development of any technology owned, operated, originated, or controlled by [Defendant], including future product plans, including but not limited to implementation of the third generation browser identification technology, and the use of machine learning to assist in identifying devices."(Dkt. 82-1 at 7.)

The relevancy arguments about "future products" were already addressed by the Court. (See Dkt. 87 [Order Denying Plaintiff's Motion to Compel Production of Emails].)

### 4.     Topic No. 12.

Deposition Topic No. 12 seeks testimony about the Moving Parties' "involvement, if any, with the Inter Partes Review styled InAuth, Inc. v. mSIGNIA, Inc., No. IPR2018-00150 (P.T.A.B.)." (Dkt. 82-1 at 7.)

The Moving Parties represent that the only potential witnesses they could designate with knowledge of this topic would be attorneys, because only counsel for AmEx were involved with the subject petition. (Id. at 17.) They cite case law denying discovery on topics that "largely call for privileged information." (Id., citing Rembrandt Diagnostics, 2018 WL 692259, at *5.)

Plaintiff does not attempt to explain how this topic does not "largely call for privileged information." Plaintiff fails to identify a single line of questioning that would not be privileged. Instead, Plaintiff argues in the abstract that it can limit its questions to unprivileged matters, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-01289-AG-KESx                                                  Date: October 24, 2018
                                                                                                    Page 7

the Moving Parties can object to specific questions at the deposition; Plaintiff argues that "there is no need to quash/modify the subpoena to address something that can easily be worked out by the parties." (Dkt. 82-1 at 30.)

Plaintiff's proposed solution does not cure the potential prejudice to these nonparties. Corporate deponents incur costs preparing witnesses to testify on Rule 30(b)(6) topics. Here, the burden imposed on AmEx of having one of its lawyers deposed on this topic outweighs any potential utility and is thus disproportional to the needs of the case.

### C.     Cost-Shifting.

Cost-shifting under Rule 37 applies to motions for protective orders. Fed. R. Civ. Pro. 26(c)(3). That means that the Court must order the unsuccessful party to pay the successful parties' "reasonable expenses incurred in making the motion" unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Moving to compel or resisting discovery is "substantially justified" if "reasonable people could differ as to whether the party requested [to respond] must comply." Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (citation omitted), overruled on other grounds as stated in Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1055 n.2 (9th Cir. 2007). A "good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification.'" Liew v. Breen, 640 F.2d 1046, 1050 (9th Cir. 1981).

An award of reasonable expenses to the Moving Parties is appropriate in this case. The parties' email correspondence shows that, prior to filing the motion, the Moving Parties attempted in good faith to resolve the dispute. Plaintiff's opposition to the present motion was not substantially justified, and Plaintiff has not demonstrated any other circumstances that would make an award of expenses unjust.

### III.    CONCLUSION.

For these reasons, IT IS HEREBY ORDERED that the motion for protective order (Dkt. 79) is GRANTED and the hearing noticed for November 6, 2018 is TAKEN OFF CALENDAR.

IT IS FURTHER ORDERED that, **within 30 days of the date of this order**, the parties shall meet and confer over the appropriate amount of expenses that Plaintiff shall pay to the Moving Parties under Rules 26(c)(3) and 37(a)(5)(A). If they are unable to reach an agreement, then the Moving Parties may file evidence of their reasonable expenses incurred in filing the motion. They may include their time for preparing such evidence.

                                                                                    Initials of Deputy Clerk   jd